# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

STANLEY A. TWARDY, JR.
Attorney at Law

One Canterbury Green
Stamford, CT 06901
T: (203) 977 7368 F: (866) 458 1037
satwardy@daypitney.com

February 5, 2013

**VIA ELECTRONIC FILING**

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ganias*, No. 12-240

Dear Ms. Wolfe:

    We write to advise the panel of the Vermont Supreme Court's recent decision in *In re Appeal of Application for Search Warrant*, 2012 VT 102 (2012), a Fourth Amendment case that is pertinent to the issues presented in this appeal. *See* Fed. R. App. P. 28(j).

    The *Search Warrant* decision upheld the validity of certain ex ante restrictions that were included in a warrant for files stored on a personal computer relating to "the crime of Identity Theft." *Id.* at ¶5-7. Among other restrictions, the warrant required that the State promptly search the computer for responsive files and then "return" all data found to be "'non-responsive.'" *Id.* at ¶7 & n.3. The court noted that such a "restriction[] would hardly seem novel" had it been imposed in an earlier era, prior to the widespread seizure of "electronic" data "to be searched off-site." *Id.* at ¶76-77. The condition simply "emphasize[d] that although the State was authorized to search off-site, this did not provide authority for the State to retain indefinitely all electronic data" taken from the computer. *Id.* at ¶77. Moreover, while the court upheld these and other ex ante restrictions in the warrant, it also noted that "ex post review" for reasonableness "always remain[s] open." *Id.* at ¶61.

    The *Search Warrant* opinion is significant in this case for two reasons. First, the decision reinforces and affirms the basic point made at pages 27 to 38 of Mr. Ganias's opening brief—that the "Fourth Amendment does not permit officials executing a warrant for the seizure of *particular* data on a computer to seize and indefinitely retain *every file* on that computer." Opening Br. at 32. Second, the *Search Warrant* opinion also directly refutes the government's claim that "Ganias cannot impose a time limit" on retention of non-responsive files "after the

**DAY PITNEY** LLP

Catherine O'Hagan Wolfe
February 5, 2013
Page 2

fact, when the magistrate judge did not do so while approving the warrant." Gov. Br. at 30-31; *compare Search Warrant*, 2012 VT 102, at ¶61 ("ex post review will always remain open").

Respectfully yours,

/s/ Stanley A. Twardy, Jr.

SAT/jwc

cc: Sarala Nagala, Esq. (by e-mail)